IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEWIS EDWARD BYRD III,

                    Plaintiff,

  v.

VERNON COUNTY JAIL,

                    Defendant.

OPINION & ORDER

17-cv-233-jdp

---

Pro se plaintiff Lewis Edward Byrd III, an inmate at defendant Vernon County Jail, has filed a proposed complaint under 42 U.S.C. § 1983 alleging that during his incarceration at the jail, he has been denied medical treatment, and that his access to a lawyer has been denied and interfered with, at least partially in retaliation for a grievance he filed. Dkt. 5. The court has granted Byrd leave to proceed *in forma pauperis*. Dkt. 4.

The next step in this case is for me to screen Byrd's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 & 1915A. In screening any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). After reviewing the complaint with these principles in mind, I will grant Byrd leave to proceed on a Sixth Amendment claim against Vernon County concerning the jail's policy barring Byrd from calling his lawyer. I will give him an opportunity to file an amended complaint identifying any individuals whom he intends to sue as named defendants in this action.

ALLEGATIONS OF FACT

I draw the following facts from Byrd's complaint. Dkt. 5.

Byrd is currently an inmate in the Vernon County Jail. During his arrest, he was shot in the elbow and his arm was broken. That arrest is the subject of a separate suit. *See Byrd v. Arnez*, No. 17-cv-191 (W.D. Wis. filed Mar. 13, 2017).

Byrd now has bone chips in his elbow and needs surgery. He is in extreme pain. Dkt. 5, at 2. Sergeant Michael Davig, Captain Charles Jacobson, and medical staff at the jail know of Byrd's need for surgery but have not allowed him to receive it. They have only given him medicine to treat his pain. They told Byrd that he will have the surgery when he is transferred to another jail. Although Byrd was briefly transferred to the other jail, he was transferred back to the Vernon County Jail before he received the surgery. He alleges that he will not be transferred to the other jail again.

During his incarceration at the Vernon County Jail, Byrd has also requested to call his lawyer several times. His requests have been denied because of the jail's policy that calls cannot be made on non-secure phones. Davig called Byrd's lawyer on Byrd's behalf without Byrd's knowledge or consent. Byrd filed a grievance with Jacobson about Davig's actions. Jacobson denied Byrd's grievance.

Since Byrd filed his grievance, the "legal mail" that he receives has been tampered with on two occasions. One time, the envelope was open when Byrd received it. Another time, a correctional officer found Byrd's mail behind a printer.

ANALYSIS

I understand Byrd to attempt to bring four claims under 42 U.S.C. § 1983: (1) denial of adequate medical treatment in violation of the Eighth Amendment; (2) denial of telephone access to a lawyer in violation of the Sixth Amendment; (3) interference with legal mail in violation of the Sixth Amendment; and (4) retaliation for filing a grievance in violation of the First Amendment.

To state a claim for relief under 42 U.S.C. § 1983, Byrd must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was done by a person or persons acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). Municipal entities such as counties may only be held liable under § 1983 if the municipality has a policy or custom that causes a constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

Byrd alleges that he cannot call his lawyer. A pretrial detainee's Sixth Amendment right to counsel may be violated if he is not allowed to talk to his lawyer for a sufficiently lengthy period of time. *Tucker v. Randall*, 948 F.2d 388, 390-91 (7th Cir. 1991) ("Denying a pretrial-detainee access to a telephone for four days would violate the Constitution in certain circumstances. The Sixth Amendment right to counsel would be implicated if plaintiff was not allowed to talk to his lawyer for the entire four-day period."). Byrd does not indicate how long he has been barred from calling his lawyer, but it is reasonable to infer from his allegations that it has been a sufficiently lengthy period of time. For the purposes of screening his complaint, I will assume that Davig's calling Byrd's lawyer on Byrd's behalf and Byrd's receipt of "legal mail" are not sufficient to satisfy Byrd's right to counsel. Byrd alleges that he cannot call his lawyer because of a policy at the Vernon County Jail, so I will allow him to

proceed on a *Monell* claim against the county. Although Byrd names the Vernon County Jail as a defendant, his suit is properly brought against Vernon County, the governmental entity that runs the jail, so I will direct the clerk of court to update the case caption accordingly.

But Byrd does not allege that he has been denied medical treatment or that his legal mail has been interfered with because of the jail's policy or custom, so he does not state a claim against the county under the remaining legal theories.

The allegations in Byrd's complaint seem to indicate that certain jail officials are to blame for the denial of medical treatment and interference with legal mail. But he does not name the officials as defendants in the caption. "When the substance of a pro se civil rights complaint indicates the existence of claims against individual officials not specifically named in the caption of the complaint, the district court must provide the petitioner with an opportunity to amend the complaint." *Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). The court cannot do that on its own. *Myles v. United States*, 416 F.3d 551, 552-53 (7th Cir. 2005) ("[It is] unacceptable for a court to add litigants on its own motion. Selecting defendants is a task for the plaintiff, not the judge."). If Byrd wants to sue individual officials at the Vernon County Jail, he must amend his complaint to identify those individuals and the specific actions taken by each individual. I will give him a short time to submit an amended complaint naming individual jail officials as defendants and explaining in the body of the complaint what each defendant did to violate his rights. In his amended complaint, Byrd should also explain who sent him the "legal mail" that he alleges was tampered with.

I will stay service of Byrd's complaint on Vernon County pending screening of Byrd's amended complaint. If Byrd does not file his amended complaint by the deadline

4

below, I will order the copies of his complaint and this order by served on Vernon County and the case will proceed against only that defendant.

ORDER

IT IS ORDERED that:

1. Plaintiff Lewis Edward Byrd III is GRANTED leave to proceed on a Sixth Amendment claim against defendant Vernon County concerning the denial of telephone access to a lawyer. The clerk of court will update the case caption accordingly.

2. Plaintiff's remaining claims are DISMISSED for failure to comply with Federal Rule of Civil Procedure 8.

3. Plaintiff may have until May 8, 2017, to file an amended complaint identifying the individual(s) whom he intends to sue as named defendant(s) in this action and explaining who sent him the "legal mail" that he alleges was tampered with.

Entered April 17, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge