IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEWIS EDWARD BYRD III,

                         Plaintiff,

    v.                                               OPINION & ORDER

VERNON COUNTY and MORGAN NESS,         17-cv-233-jdp

                         Defendants.

---

Pro se plaintiff Lewis Edward Byrd III is proceeding on constitutional claims against defendants Vernon County and Morgan Ness, an employee of the Vernon County Sheriff's Office, concerning the denial of telephone access to a lawyer and interference with legal mail that occurred during Byrd's incarceration at the Vernon County Jail. Defendants move for summary judgment based on Byrd's failure to exhaust his administrative remedies. Dkt. 28. Because Byrd failed to appeal the denial of his grievances, I will grant defendants' motion and dismiss the case.

UNDISPUTED FACTS

I draw the following facts from defendants' submissions in support of their motion and the court's April 17 and May 25 screening orders, Dkt. 6 and Dkt. 8.

In late 2016, Byrd was arrested and incarcerated at the Vernon County Jail. Notification of the jail's procedure for filing grievances and appeals was posted in each cell block at the jail, which read:

> 1. An inmate wishing to submit a grievance may do so in writing to the jail sergeant. The grievance must be submitted within 2 days of the event being grieved. Seal the letter in an

> unstamped envelope and ask the duty jailer to forward it. If the event being grieved involves the jail sergeant, then the initial grievance will go to the jail administrator.
>
> 2. The jail sergeant will review the grievance and will reply in writing to the inmate with his findings.
>
> 3. If the inmate is not satisfied with the jail sergeant's findings, the inmate may then, in writing, appeal the finding to the jail administrator. If after receiving the jail administrator's findings, the inmate may follow the same procedure and file an appeal with the chief deputy. If after receiving the findings of the chief deputy, the inmate may file an appeal with the sheriff. All appeals must be submitted within 1 day of receiving the written response from the jail sergeant, jail administrator or chief deputy.

Dkt. 30-2, at 2.

Byrd alleges that while incarcerated, he asked to call his lawyer several times, but his requests were denied because of jail policy. Byrd filed a grievance about this in February 2017. Dkt. 30-5, at 2. Sergeant Michael Davig responded to the grievance by calling Byrd's lawyer on Byrd's behalf without Byrd's knowledge or consent. The same day, Byrd filed a grievance about Davig's call. Dkt. 30-6, at 2. Captain Charles Jacobson denied the grievance. Defendant Morgan Ness, the legal secretary for the Vernon County Sheriff's Office, then opened mail from Byrd's lawyer to Byrd outside Byrd's presence. Byrd alleges that she did so in retaliation for Byrd's grievance. Byrd filed a grievance about this, asking to talk to Jacobson's supervisor. Dkt. 30-7, at 2. Davig responded that Ness opened the mail "by mistake." *Id.* at 3.

I granted Byrd leave to proceed on a Sixth Amendment denial of telephone access claim against Vernon County. I also allowed Byrd to proceed on a First Amendment retaliation claim and a claim concerning interference with legal mail against Ness.

2

ANALYSIS

To succeed on a motion for summary judgment, defendants, as the moving party, must show that there is no genuine dispute of material fact and that they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broad. Grp., Inc.*, 414 F.3d 686, 692 (7th Cir. 2005). All reasonable inferences from the facts in the summary judgment record must be drawn in Byrd's favor, as the nonmoving party. *Baron v. City of Highland Park*, 195 F.3d 333, 338 (7th Cir. 1999). Because exhaustion is an affirmative defense, defendants bear the burden of establishing that Byrd failed to exhaust his available remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory, *Woodford v. Ngo*, 548 U.S. 81, 85 (2006), and "applies to all inmate suits." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process," which includes filing grievances and appeals "in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024, 1025 (7th Cir. 2002). The grievance itself need not provide "a detailed factual narrative, articulate legal theories, or demand particular relief to exhaust [the prisoner's] administrative remedies, [but] must merely 'object intelligibly to some asserted shortcoming.'" *Stewart v. Cox*, No. 14-cv-665, 2015 WL

9296457, at *3 (W.D. Wis. Dec. 18, 2015) (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)).

The Vernon County Sheriff Department's Jail Policy and Procedures set out the process for an inmate to file a grievance and appeal an adverse decision. Dkt. 30-1. Policy 108.07 requires inmates to submit grievances to the jail sergeant within two days after the occurrence giving rise to the grievance. As the notice posted in each cell block indicates, if inmates are dissatisfied with the jail sergeant's disposition, "jail staff will advise the inmate that they may write a letter of appeal to a higher authority, that being the jail administrator." *Id.* at 3. If inmates are dissatisfied with the jail administrator's disposition, they "may appeal the grievance to the chief deputy," and then to the sheriff. *Id.* Each appeal must be submitted within one day of receiving a response.

Defendants acknowledge that Byrd filed timely grievances concerning the events at issue in this lawsuit. But they contend that because Byrd did not appeal the denial of any of his grievances, his claims must be dismissed for failure to exhaust administrative remedies as required by § 1997e(a).

Byrd offers several counter arguments. He complains that the grievance policy was updated in January 2017. It's not clear what the policy was before then, but it simply doesn't matter. Byrd submitted his first grievance in February 2017, after the policy was updated, so that's the policy that applies to his claims. Byrd also argues that the copy of the grievance policy posted in the cell blocks adduced by defendants is not "genuine" because "Section X" is written at the top, implying that there are other sections of the policy. Dkt. 32, at 2. Byrd doesn't genuinely dispute that the grievance policy was posted in the cell blocks; whether other policies were also posted is irrelevant.

4

He next argues that the jail's policy does not require appeals, but merely allows them. That's true—the jail's grievance procedure, like most grievances procedures, does not mandate that inmates appeal every grievance response. But because the jail's policy allowed for appeal, appeal was an available administrative remedy. And § 1997e(a) requires Byrd to have used each available administrative remedy before filing suit. Byrd did not do so.

Byrd also points to his grievance concerning the opening of his legal mail, in which he wrote, "I want to talk to whoever is the captain's supervisor. I have issues not only this one to discuss with them." Dkt. 30-7, at 2. He argues that he was not allowed to appeal because he was not allowed to speak to Jacobson's supervisor. If I thought that jail officials barred Byrd from submitting an appeal, I would deny a motion for summary judgment based on exhaustion. But Byrd didn't attempt to appeal. Asking to speak to a supervisor about undefined "issues" is not an appeal, nor does it notify jail officials of an intent to appeal. Jail officials did not bar Byrd from submitting an appeal.

Finally, Byrd argues that he "was in fear of continuous retaliation" for submitting grievances. Dkt. 32, at 3. But the record indicates that Byrd submitted at least seven more grievances in the month following the one concerning his legal mail, including at least one more about calling his lawyer, so he was able to use the grievance process after the alleged retaliation. No reasonable juror could find that Byrd was barred, either through jail officials' actions or through his own fear of retaliation, from appealing the denials of his grievances.[1]

---

[1] Although Byrd does not mention this, I note that the jail's deadlines for filing and appealing grievances are exceedingly strict: two days to file a grievance and only one to appeal it. The Seventh Circuit has indicated that a four-day window for filing a grievance is so short that it makes the administrative remedy unavailable, at least when the jail's grievance procedure does not establish a deadline for filing a grievance and the inmate in unexpectedly transferred to another jail four days after returning from the hospital. *White v. Bukowski*, 800 F.3d 392 (7th Cir. 2015). But in this case, there's no indication that the deadlines barred Byrd from

Because Byrd failed to complete the administrative grievance process, I will grant defendants' motion for summary judgment on exhaustion grounds.

ORDER

IT IS ORDERED that:

1. Defendants Vernon County and Morgan Ness's motion for summary judgment for failure to exhaust administrative remedies, Dkt. 28, is GRANTED.

2. The clerk of court is directed to enter judgment in defendants' favor and close this case.

Entered December 1, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge

---

appealing: he never tried to appeal, and he now argues that he didn't know he needed to appeal, not that the short deadlines kept him from doing so.